```
IN THE UNITED STATES DISTRICT COURT

      FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| JASON MCKINLEY; CASE MCKINLEY<br><br>      Plaintiffs,<br><br>  vs.<br><br>ALLEN WILSON; HAWAIIANA MANAGEMENT COMPANY, LTD.; KUILIMA ESTATES WEST; CINDY FILES; MARK HOWLAND; OLE BARRE; GERARD BYRNE; SCOTT NORTON; RAY MANN; DEBRA MARTIN; VIC CORNELL; JONATHAN COSKA; MICHAEL COSTINO; JOHN DOES 1-50,<br><br>      Defendants. | CIVIL NO. 11-00640 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION |

## FINDINGS AND RECOMMENDATION TO DISMISS ACTION

On January 23, 2012, the Court held a Rule 16 Scheduling Conference. Plaintiff Jason McKinley ("Plaintiff") failed to appear. In addition, there is no evidence that Plaintiff has served Defendants.

On January 24, 2012, the Court issued an Order to Show Cause why the case should not be dismissed for failure to serve the Complaint and failure to appear at the Rule 16 Scheduling Conference. The Court cautioned Plaintiff that if he failed to appear at the OSC

hearing, this Court would recommend that the case be dismissed.

Courts do not take failures to comply with Court orders or failures to prosecute lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Here, dismissal is appropriate given Plaintiff's failure to prosecute; namely, his failure to serve the Defendants, failure to appear at the Rule 16 Scheduling Conference, and failure to respond to the OSC or appear at the OSC hearing. The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[1] finds that they weigh in favor of dismissal.

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). The Court, not Plaintiff, should control the pace of the docket. Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642.

The lack of availability of less drastic alternatives also supports dismissal. The Court provided Plaintiff with an opportunity to explain his failures, but even the threat of dismissal did not compel a response. Thus, the Court is left with no choice but to dismiss.

---

dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

Moreover, Defendants will suffer prejudice if this case continues without service being effected. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. Pagtalunan, 291 F.3d at 642.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to serve, failure to prosecute, and failure to comply with a Court order.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 2, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 11-00640 JMS-KSC; MCKINLEY, ET AL. V. ALLEN WILSON, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION