IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON MCKINLEY; CASE MCKINLEY<br><br>    Plaintiffs,<br><br>  vs.<br><br>ALLEN WILSON; HAWAIIANA MANAGEMENT COMPANY, LTD.; KUILIMA ESTATES WEST; CINDY FILES; MARK HOWLAND; OLE BARRE; GERARD BYRNE; SCOTT NORTON; RAY MANN; DEBRA MARTIN; VIC CORNELL; JONATHAN COSKA; MICHAEL COSTINO; JOHN DOES 1-50,<br><br>    Defendants. | CIVIL NO. 11-00640 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION
FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES

      Before the Court is Defendants' Motion for Attorneys' Fees and Related Non-Taxable Expenses ("Motion"), filed April 6, 2012.  On April 20, 2012, Defendants filed a Statement of Consultation.  To date, Plaintiffs Jason McKinley and Case McKinley ("Plaintiffs") have not opposed the Motion.

      The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d)

of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After carefully reviewing the submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be DENIED for the reasons set forth below.

BACKGROUND

On January 23, 2012, the Court held a Rule 16 Scheduling Conference. Plaintiffs failed to appear. At the Conference, the Court discussed service issues.

On January 24, 2012, the Court issued an Order to Show Cause why the case should not be dismissed for failure to serve the Complaint and failure to appear at the Rule 16 Scheduling Conference. The Court cautioned Plaintiff Jason McKinley that if he failed to appear at the OSC hearing, this Court would recommend that the case be dismissed.

On March 2, 2012, the Court held the OSC hearing. Plaintiffs did not appear. Consequently, that same day, the Court issued a Findings and Recommendation to Dismiss Action ("F&R"). The Court

found that dismissal was appropriate, after consideration of the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[1] given Plaintiffs' failure to prosecute; namely, the failure to serve Defendants, failure to appear at the Rule 16 Scheduling Conference, and failure to respond to the OSC or appear at the OSC hearing.

On March 23, 2012, the district court issued an Order Adopting Magistrate Judge's Findings and Recommendation.

The instant Motion followed.

## DISCUSSION

Defendants now seek to recover $8,246.50 in attorneys' fees and $2.00 in non-taxable expenses

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

pursuant to Hawaii Revised Statutes ("HRS") § 607-14.5. As an initial matter, the Court notes that Defendants may not avail themselves of HRS § 607-14.5 because the basis of jurisdiction is federal question, not diversity. Plaintiffs alleged violations of the Fair Housing Act and the Americans With Disabilities Act. State law would be applicable if the Court's jurisdiction was based on diversity, and possibly if Plaintiff alleged state law claims over which the Court exercised supplemental jurisdiction. <u>Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001) (A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees). Here, Plaintiff has not alleged any state law violations.

Even if it would be proper to apply HRS § 607-14.5, the Court would decline to award fees under the same. Section 607-14.5 authorizes the award of attorneys' fees and costs in cases involving frivolous claims. It provides:

4

(a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).[2]

---

[2] Subsection (b) provides:

In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

Haw. Rev. Stat. § 607-14.5(b).

Haw. Rev. Stat. § 607-14.5(a).  A "frivolous" claim is one that is "'so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required.'"  Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawai'i 292, 300, 972 P.2d 297, 303 (1999) (quoting Coll v. McCarthy, 72 Hawai'i 20, 29, 804 P.2d 881, 887 (1991)).

Defendants argue that because Plaintiffs' claims were frivolous, they are entitled to attorneys' fees.  The Court disagrees.  The Court did not reach the merits of Plaintiffs' claims, and it declines to do so now.  HRS § 607-14.5(b) mandates that the court "find in writing that all or a portion of the claims . . . made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action."  Haw. Rev. Stat. § 607-14.5(b).  Insofar as the Court has not made a written finding that Plaintiffs' claims were frivolous, as defined by Hawaii case law, it would be inappropriate to recommend an award of attorneys' fees under HRS § 607-14.5.

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendants' Motion be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, May 16, 2012.



Kevin S.C. Chang
United States Magistrate Judge

CV 11-00640 JMS-KSC; MCKINLEY, ET AL. V. ALLEN WILSON, ET AL.; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES